# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILLIE JAMES COOKINSON,

        Petitioner,

v.                                          CASE NO:  8:10-cv-1751-T-23MAP

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

        Respondent.
_____/

## O R D E R

**THIS CAUSE** comes before the Court on a *pro se* petition for writ of habeas corpus and supporting memorandum of law filed, pursuant to 28 U.S.C. § 2254, by Petitioner Willie James Cookinson ("Petitioner"), a Florida prisoner (Dkts. 1 & 2), the response by the Secretary, Florida Department of Corrections (Dkt. 7), which is accompanied by the appendix record of the state court proceedings (Dkt. 10), and a reply to the response filed by Petitioner (Dkt. 12).

## PROCEDURAL HISTORY[1]

Petitioner, a Florida prisoner, challenges a judgment of conviction rendered in the Sixth Judicial Circuit Court in Pinellas County, Florida, on January 24, 2006. (Dkts. 1 & 2)  He was convicted after a jury trial of Trafficking in Hydrocodone, in

---

[1] Petitioner concurs with this statement of his procedural history.  (*See* Dkt. 12, p. 2)

violation of section 893.155, Florida Statutes, and sentenced to 25 years in prison. (Ex. 28, R69, 72 and 74)[2]

Petitioner's appellate counsel filed a brief on direct appeal of the judgment of conviction in the Second District Court of Appeal, raising two issues:

> I: The trial court erred in overruling the defense challenge to the State peremptory strike of an African-American juror as race-based, rendering the jury, other than an unused alternate, non-African-American, where the state's offered race-neutral reason is unsupported by the record and the decision below thus clearly erroneous; and
>
> II: The trial court erred in granting the state motion in limine prohibiting any defense evidence or argument as to the percentage of Hydrocodone contained in each pill.

(Ex. 1) The State filed an answer brief (Ex. 2) and appellate counsel filed a reply brief. (Ex. 3) On August 31, 2007, the Second District Court of Appeal filed a *per curiam* opinion affirming Petitioner's judgment of conviction and sentence. (Ex. 4) The mandate issued on September 21, 2007. (Ex. 5)

On February 29, 2008, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850, Florida Rules of Criminal Procedure, raising thirteen grounds for relief. (Ex. 6) The trial court entered an order summarily denying the motion in part, with record attachments, and ordered the State to show cause on grounds two and three. (Ex. 7) The State filed a response and Petitioner filed a reply. (Exs. 8 and 9) The trial court entered a written order denying relief on September 2, 2008 (Ex. 10)

---

[2] The exhibits cited throughout this Order can be found in the appendix record of Petitioner's state court proceedings at docket entry 10.

Petitioner filed a motion for rehearing on September 16, 2008, which the court denied on October 13, 2008. (Exs. 11 and 12) He timely appealed the adverse ruling to the Second District Court of Appeal and filed a brief asserting the following four issues:

> I. The trial court erred in summarily denying claim of ineffective assistance of counsel for failure to file a motion of disclosure;
>
> II. The trial court erred in summarily denying claims of ineffective assistance of counsel for failure to preserve issue for appellate review;
>
> III. The trial court erred in summarily denying claim of ineffective assistance of counsel for failure to explain defendant's right to testify; and
>
> IV. The trial court erred in summarily denying ineffective assistance of counsel claim for failure to impeach witness identification testimony.

(Ex. 13) The State did not file an answer brief and the appellate court *per curiam* affirmed the trial court order on January 15, 2010. (Ex. 14) The mandate issued on February 10, 2010. (Ex. 15)

On January 8, 2009, Petitioner filed a second motion for post-conviction relief, under Rule 3.850, Florida Rules of Criminal Procedure. (Ex. 16) The trial court entered an order dismissing the motion as successive on February 11, 2009. (Ex. 17) Petitioner timely appealed to the Second District Court of Appeal and the court entered its *per curiam* affirmance on January 15, 2010. (Ex. 18) The mandate issued on February 10, 2010. (Ex. 19)

On January 15, 2007, Petitioner filed a motion to correct an illegal sentence, under Rule 3.800, Florida Rules of Criminal Procedure, and alleged that his sentence is illegal because Vicodin is a Schedule III drug rather than a Schedule II drug. (Ex. 20) The trial court entered an order dismissing the motion on February 14, 2008. (Ex. 21) Petitioner appealed to the Second District Court of Appeal and the court *per curiam* affirmed the trial court order on August 20, 2008. (Ex. 22) The mandate issued on September 8, 2008. (Ex. 23) No appellate briefs were filed in that case. (Ex. 24)

Petitioner filed a petition for the writ of habeas corpus in the Second District Court of Appeal on June 2, 2008, alleging that appellate counsel failed to raise an issue of an incorrect verdict form. (Ex. 25) The appellate court construed the claim as alleging ineffective assistance of appellate counsel and denied relief on June 10, 2008. (Ex. 26) No appeal was pursued. (Ex. 27)

## PETITIONER'S FEDERAL HABEAS CLAIMS

Petitioner timely submitted the instant § 2254 petition to prison officials for mailing on August 3, 2010. He raises the following two claims for relief:

> I. Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel during trial because his attorney failed to properly preserve his *Batson*[3] challenge. The state attorney failed to state a reason supported by the record to strike a prospective black juror from the panel and defense counsel's omission prevented the issue from being reviewed by the appellate court;

---

[3] *Batson v. Kentucky*, 476 U.S. 79 (1986).

4

II. Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel during trial because his attorney failed to properly advise him about testifying in his own defense. He claims that had counsel advised him that he could testify and only be asked generally about the number of his prior convictions, rather than the nature of the prior offenses, he would have definitely testified in his own defense.

Respondent correctly argues that both claims lack merit.

## THE AEDPA STANDARD OF REVIEW

The instant federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24,1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Section 104 of the AEDPA amended 28 U.S.C. § 2254 by adding the following provision:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments. *Parker v. Secretary, Dep't of Corr.*, 331 F.3d 764 (11th Cir. 2003) (*citing Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002)).

Section 104 applies to his petition because Petitioner filed his petition for writ of habeas corpus after the enactment of the AEDPA.

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This language requires an examination of the state court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-1401 (2011). In addition, section 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." *Robinson*, 300 F.3d at 1342. The federal court will presume the correctness of state court findings of fact, unless the petitioner is able to rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). When measured against the AEDPA standard, it is clear that the instant petition is due to be denied.

## STANDARD OF REVIEW FOR INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

A petitioner claiming ineffective assistance of counsel must meet the two-part standard for counsel's performance established by *Strickland v. Washington*, 466 U.S. 668 (1984). To establish a *prima facie* claim of ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687. Deficient performance is performance

6

which is objectively unreasonable under prevailing professional norms. *Id.* at 688. Sound tactical decisions within a range of reasonable professional competence are not vulnerable to collateral attack. *See, e.g., Weber v. Israel*, 730 F.2d 499, 508 (7th Cir.) (finding that choosing a defense is a matter of trial strategy), *cert. denied*, 469 U.S. 850 (1984); *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980), *cert. denied*, 450 U.S. 934 (1981). Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). Petitioner's claims fail under the *Strickland* standard.

## DISCUSSION

### Ground One

In this claim of ineffective assistance of counsel, Petitioner argues that the prosecutor failed to state a reason supported by the record for striking a black juror from the venire and that his defense counsel failed to object to the proffered reason, thereby waving the *Batson* challenge for appellate review. He first raised the *Batson* claim in his direct appeal, arguing the trial court erred in overruling his challenge to the State's peremptory strike of the black juror where the State's reason for the back-strike was not supported in the record. (Ex. 1) The Second District Court of Appeal entered a *per curiam* affirmance. Petitioner then raised the issue in his Rule 3.850 motion for post-conviction relief in the trial court, but couched it in terms of

7

ineffective assistance of trial counsel. He argued, as he does now, that while defense counsel objected to the prosecutor's request to strike the black juror and asked for a race-neutral reason for the strike, his counsel did not object to the prosecutor's reason for striking the juror and thereby waived the issue for appellate review. Petitioner argued that he was "severely prejudiced" by his counsel's failure to preserve the issue for review. He did not argue, however, that appellate review would have resulted in a reversal or the granting of a new trial.

The trial court considered the record and the applicable law and then ruled as follows:

> Under ground two, the Defendant alleges that his counsel failed to preserve a *Batson* challenge for appellate review. The Defendant contends that, in support of a peremptory challenge to strike a juror, the State offered a basis that was inconsistent with the record but counsel failed to bring the issue to the court's attention.
>
> Trial counsel's failure to preserve an issue for appellate review can form a basis for a claim of ineffective assistance of counsel. *See Daniels v. State*, 27 Fla. L. Weekly D177 (Fla. 4th DCA Jan. 16, 2002). To preserve for appellate review a trial court's denial of an objection to a peremptory strike, counsel must contest the factual basis offered by challenging its factual existence within the record. *See, e.g., State v. Fox,* 587 So. 2d 464 (Fla. 1991).
>
> The record reflects that during the jury selection conference, the State utilized a peremptory challenge to strike juror Walter Starling, an African American. *See* Exhibit B of previous order: Excerpt of Jury Trial – Voir Dire at 72. Defense counsel challenged the State's striking of Mr. Starling from the venire, and as a basis for its strike the State explained that it wished to exclude Mr. Starling because he had stated that he had several family members who had used crack cocaine. Defense counsel did not challenge the State's explanation.

8

> The transcript of the jury selection process does not reflect that juror Walter Starling made any statements concerning family members who used crack cocaine.  However, in *Carratelli v. State*, 961 So. 2d 312 (Fla. 2007), the supreme court held that the defendant, alleging ineffective assistance of counsel for failure to object/preserve claim of reversible error in jury selection, was required to demonstrate prejudice at trial, rather than on appeal (*i.e.*, show, in that case, that the juror was actually biased).
>
> The factual basis offered by the State does not appear to be consistent with the record.  Nonetheless, the defendant fails to identify anything within the record to show that the trial was prejudiced as a result of the exclusion of Mr. Starling as a juror.  In this regard, the Defendant's allegation fails to satisfy the prejudice prong of a Strickland analysis. Ground Two of the Defendant's Motion for Post-conviction Relief will accordingly be denied.

(Ex. 10, p. 2)  Petitioner appealed the adverse ruling and the Second District Court of Appeal *per curiam* affirmed without written decision.  (Ex. 14)

Contrary to Petitioner's assertions, his claim was adjudicated on the merits in state court and, thus, he is not entitled to federal habeas relief unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  Petitioner fails to make such a showing.

In *Carratelli v. Stepp*, No. 09-13349, 2010 WL 2331421 (11th Cir. June 11, 2010), the petitioner claimed his counsel was ineffective because he raised an objection to jury selection but then failed to properly preserve it for appeal.  The Eleventh Circuit held that there was no clearly established federal law by the Supreme Court specifically addressing whether the federal court should examine the

9

prejudice on appeal rather than at trial in a case like this one. Accordingly, the court held that the district court correctly affirmed the state court decisions holding that the relevant prejudice inquiry should focus on the trial, not on appeal. *Id.* at 3.

    Petitioner fails to show that he was prejudiced in his trial due to counsel's failure to object to the prosecutor's reason for back-striking juror Starling from the venire. Had counsel objected to the stated reason on the basis that it was not supported by the record, it is unknown whether the prosecutor would have then stated a race-neutral reason supported by the record, much less whether the outcome of the trial would have been different. It is Petitioner's burden to show that the outcome of the trial would have been different, and he fails to carry that burden. *See Acker v. Sec'y, Fla. Dep't of Corr.*, No. 8:07-cv-263-T-30TBM, 2009 WL 1149438, at *6-11 (M.D. Fla. Apr. 28, 2009); *Puryear v. Sec'y, Dep't of Corr.*, No. 8:09-cv-2586-T-30EAJ, 2010 WL 2991432, at *3-4 (M.D. Fla. July 27, 2010). Furthermore, the trial court record reveals that Petitioner personally accepted the jury panel before it was sworn when questioned by the judge. (*See* Ex. 28, pp. 250-53) It was reasonable to assume from Petitioner's action that he abandoned his earlier objection.

## Ground Two

    In his second claim of ineffective assistance of counsel, Petitioner argues that the trial court advised him not to testify because the State would be able to question him about the specific nature of his prior convictions and that defense counsel was ineffective for failing to correct Petitioner's subsequent misunderstanding of his right to testify and the potential consequences of testifying. Petitioner raised the claim

with the trial court in his Rule 3.850 motion for post-conviction relief and, after careful consideration of the record of Petitioner's state court proceedings and the relevant law, the trial court found as follows:

> Under ground three, the Defendant claims that his attorney interfered with the Defendant's right to testify by failing to adequately explain such right. The Defendant submits that he chose not to testify believing that the State would be permitted to inquire into the nature of his prior offenses. The Defendant suggests that his attorney should have corrected this misunderstanding.
>
> The colloquy conducted by the court shows that the court inquired as to the Defendant's understanding of his right to testify. Specifically, during the colloquy, the court stated: And should you choose to testify, the State would be allowed to cross-examine you on any prior convictions for felonies or crimes involving dishonesty or moral turpitude and how many times you've been convicted on those crimes. Do you understand that?" The Defendant responded, "Yes, sir." See State's Exhibit 2 at 85.
>
> In its colloquy, the court did not misadvise the Defendant that the State would be permitted to inquire into the nature of his prior offenses. The State's ability to cross-examine a defendant about prior offenses turns upon whether the defendant tells the truth about the existence of his or her prior offenses. Had the Defendant here denied his prior offenses, the State would have been permitted to introduce certified records of the convictions. *Gavins v. State*, 587 So. 2d 487 (Fla. 1st DCA 1991). The mere fact that the Defendant believed that the State could automatically inquire into the nature of prior offenses does not satisfy the deficiency prong of *Strickland*. The Defendant's claim does not present any deficiency of counsel, but merely suggests that counsel should have corrected the Defendant's misunderstanding following the court's accurate colloquy. This

> is not a basis for post-conviction relief. Ground Three of the Defendant's Motion for Post-conviction Relief will accordingly be denied.

(Ex. 10, p. 3)

Once again, the state court adjudication of the merits of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. The trial court properly found that Petitioner had not been misadvised about testifying. The ability of the State to cross-examine a defendant about prior offenses turns upon whether the defendant tells the truth about the existence of his prior offenses and, therefore, had Petitioner denied his prior offenses, the State would have been permitted to introduce certified records of the convictions. *See Gavins v. State*, 587 So. 2d 487, 489-90 (Fla. Dist. Ct. App. 1991); *see also Ragoobar v. State*, 893 So. 2d 647, 649 (Fla. Dist. Ct. App. 2005) (denying a defendant's claim where "the record in th[e] case showed that the court covered th[e] matter [at issue] and that the defendant could not have reasonably relied on counsel's advice to the contrary."). Ground Two of the petition fails to demonstrate deficient performance or prejudice under the *Strickland* test for ineffective assistance of trial counsel .

Accordingly, he petition for writ of habeas corpus is **DENIED**. The clerk must enter a judgment for the respondent, terminate any pending motion, and close this case.

Additionally, the court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional

right as required by 28 U.S.C. § 2253(c)(2).  Nor will the Court allow Petitioner to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  Instead, he will be required to pay the full amount of the appellate filing fee pursuant to 28 U.S.C. §§ 1915(b)(1) and (2).

ORDERED in Tampa, Florida, on September 30, 2013.

                                    STEVEN D. MERRYDAY
                                    UNITED STATES DISTRICT JUDGE